IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ARMONDO VICTORIO RODRIGUEZ, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 3:11-CR-00025 (CAR) |
| VS. | : | NO. 3:11-CV-90127 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | Proceedings Under 28 U.S.C. § 2255 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Armondo Victorio Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 37. Petitioner pleaded guilty to one count of illegal reentry and was sentenced to fifty-seven months imprisonment followed by three years of supervised release. In his motion, Petitioner alleges that his counsel was ineffective for (1) failing to argue for a downward departure based on the disparity of federal districts regarding the use of "fast-track" programs in immigration cases, and (2) failing to object to Petitioner's sixteen-level sentencing enhancement based on Petitioner's prior terroristic threats conviction. Because Petitioner has failed to show that his counsel's performance was unreasonable and that he was prejudiced as a result of his counsel's performance, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

FACTUAL AND PROCEDURAL BACKGROUND

On April 13, 2011, a single-count indictment was returned in this Court charging Petitioner Armondo Victorio Rodriguez with illegal reentry in violation of 8 U.S.C. § 1326(a)(2) in connection with 8 U.S.C 1326(b)(2). Doc. 1. On June 1, 2011, Petitioner entered into a plea agreement with the Government and pleaded guilty to the indictment as charged. Doc. 18.  On

1

October 5, 2011, Petitioner's case was called for sentencing. Doc. 43. At sentencing, Petitioner objected to the Pre-Sentence Report's (PSR) sixteen-level enhancement based on Petitioner's prior terroristic threats conviction, and Petitioner argued for a downward departure pursuant to 18 U.S.C. § 3553(a). Id. The Court overruled Petitioner's objections, denied Petitioner's request for a downward departure, and accepted the PSR. Id. The Court determined that Petitioner's advisory guideline range was 57 to 71 months and sentenced Petitioner to 57 months imprisonment followed by 3 years of supervised release. Petitioner did not appeal his sentence. On April 18, 2012, Petitioner filed the instant Section 2255 motion. Doc. 37.

## DISCUSSION

Petitioner alleges that his counsel was ineffective at sentencing for (1) failing to argue for a downward departure based on the sentencing disparity that resulted from this district's failure to have a fast-track program for illegal immigrants, and (2) failing to argue against the sixteen-level enhancement for Petitioner's prior terroristic threats conviction. Because Petitioner's counsel argued for a downward departure and against the sixteen-level enhancement, counsel's performance was not deficient. Additionally, because the failure to implement a fast-track program in this district does not create unlawful sentencing disparities, and because Petitioner has failed to show that his prior conviction for terroristic threats was not a crime of violence, Petitioner was not prejudiced by counsel's performance.

An evidentiary hearing is not necessary in this case. Petitioner has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984). As explained below in addressing each of

2

Petitioner's grounds for relief, the files and records in this case are sufficient to show that Petitioner's claims are without merit, and no evidentiary hearing is necessary.

The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The right to counsel provision guarantees the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: (1) his attorney's performance was deficient, *and* (2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that counsel's performance was reasonable. Id.  In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002). In the context of a guilty plea, a petitioner must demonstrate that counsel's advice was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 58 (1985).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000).

Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

　　1. Failure to request a downward departure

Petitioner contends that his counsel was ineffective for failing to request a downward departure pursuant to 18 U.S.C. § 3553(a) based on the sentencing disparity that resulted from this district's failure to have a fast-track program. At sentencing, Petitioner's counsel requested a downward departure pursuant to Section 3553(a). Although counsel did not articulate with specificity that the request was based on the district's lack of a fast-track program, counsel argued that Petitioner should receive a downward departure under his circumstances. Because counsel argued for a downward departure pursuant to Section 3553(a), counsel's performance was not deficient.

Moreover, Petitioner was not prejudiced by counsel's performance. Petitioner's argument is based on fast-track programs that resulted from the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act). See Pub. L. No. 108-21, 117 Stat. 650 (2003). The PROTECT Act directed the United States Sentencing Commission to adopt policies that allow district court judges to depart downward from the guidelines when the Government moves to include a defendant in the fast-track program. See United States v. Martinez-Flores, 428 F.3d 22, 25 (1st Cir. 2006). Following the enactment of the PROTECT Act, the Sentencing Commission enacted a sentencing guideline that allows a sentencing court to "depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which

the court resides." U.S.S.G. § 5K3.1. The PROTECT Act did not make fast-track programs mandatory for all districts. See United States v. Castro, 455 F.3d 1249, 1252 (11th Cir. 2006).

The lack of a fast-track program in this district does not entitle Petitioner to a sentence reduction. The Eleventh Circuit has held that the absence of a fast-track program does not create an unlawful sentencing disparity as defined in 18 U.S.C. § 3553(a)(6). United States v. Gomez, 358 Fed. Appx. 53, 54 (11th Cir. 2009) (citing Castro, 455 F.3d at 1252-53). Additionally, the Eleventh Circuit has held that "the absence of a fast-track program in a judicial district where a defendant is sentenced does not violate equal protection." United States v. Campos-Diaz, 472 F.3d 1278, 1279-80 (11th Cir. 2006). Because it is well settled in this circuit that the absence of a fast-track program does not create unlawfully disparate sentencing, Petitioner was not prejudiced by counsel's performance.

In his reply, Petitioner also cites an article stating that the United States Deputy Attorney General announced in a January 31, 2012 memorandum that fast-track programs will now be implemented in every district. Doc. 45-1. The memorandum, however, "provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal…." Memorandum from the Deputy Attorney General to All United States Attorneys (January 31, 2012), available at http://www.justice.gov/dag/fast-track-program.pdf. The memorandum gives broad discretion to prosecutors to determine whether a fast-track program will be offered to a defendant. The memorandum also sets forth requirements that must be detailed and agreed upon by the parties in the plea agreement allowing a defendant to enter the fast-track program.

The Deputy Attorney General's memorandum does not entitle Petitioner to relief. As described above, the memorandum specifically states that it cannot be relied upon by defendants to create new rights enforceable at law in any matter. Because the memorandum did not create any substantive or procedural rights, the memorandum does not create new law that could be retroactively applied. See United States v. Granados-Ruiz, 2012 WL 2464871 (M.D.Fla. June 27, 2012). Moreover, because prosecutors maintain broad discretion in determining whether a defendant is eligible for the fast-track program, it is unclear that Petitioner would have been selected to participate in the program. Accordingly, Petitioner is not entitled to relief.

2. Failure to object to sixteen-level enhancement

Petitioner also contends that his counsel was ineffective for failing to argue against Petitioner's sixteen-level enhancement based on Petitioner's prior crime of violence, which was a terroristic threats conviction in Walton County, Georgia. In fact, Petitioner's counsel did object to the sixteen-level enhancement at sentencing. Counsel argued that Georgia's terroristic threats statute was essentially the same as Minnesota's terroristic threats statute, which the Eighth Circuit determined did not invariably involve the threatened used of physical force. The Court overruled Petitioner's objection, finding that Petitioner's terroristic threats conviction was a crime of violence because the charging instrument showed that Petitioner threatened the victim while displaying a handgun. Because counsel objected to the sixteen-level enhancement, counsel's performance was not deficient.

Additionally, Petitioner was not prejudiced by counsel's performance. Section 2L1.2(b)(1)(A)(ii) of the sentencing guidelines provides for a sixteen-level increase for a prior felony conviction of a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). For the purposes of the enhancement, a "crime of violence" means "…or any other offense under federal, state, or local

6

law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. 1(B)(iii). "Felony" is defined as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L.1.2 cmt. 2.

Petitioner was previously convicted in Walton County and sentenced to three years of probation for violating Georgia's terroristic threats statute. Because Georgia's terroristic threats statute prohibits both violent and nonviolent behavior, there must be additional evidence other than the conviction itself to prove that the petitioner had been convicted of a violent felony. See United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006).[1] The court may look to the charging instrument and any undisputed evidence in the PSR to determine whether the act of terroristic threats was a crime of violence. Id.; United States v. Beckles, 565 F.3d 832, 842-43 (11th Cir. 2009).

In this case, the Court relied on the charging document and the contents of the PSR to determine that Petitioner's terroristic threats conviction constituted a crime of violence. Doc. 43. The charging instrument alleged that Petitioner threatened the victim with a handgun while acting in a threatening manner toward the victim. Id.; PSR (Doc. 30). At sentencing, Petitioner did not dispute the underlying facts of his conviction. Accordingly, the Court denied Petitioner's objection and applied the sixteen-level enhancement. Because the Court did not err in looking at the charging instrument and determining that Plaintiff's terroristic threats offense constituted a crime of violence, Petitioner's claim is without merit.

---

[1] Greer discussed whether a defendant's Georgia terroristic threats conviction was a "violent felony" pursuant to the Armed Career Criminal Act (ACCA). Greer, 440 F.3d at 1273. Because the definition of "violent felony" in U.S.S.G. § 2L1.2 is the same as the definition of "crime of violence" in the ACCA, courts are guided by precedent regarding the meaning of "violent felony" in the ACCA when dealing with the meaning of "crime of violence" in U.S.S.G. § 2L1.2. See, e.g., United States v. Romo-Villalobos, 674 F.3d 1246, 1248 (11th Cir. 2012).

Petitioner now contends that the sixteen-level enhancement was premised on false evidence and that counsel was ineffective for failing to investigate court records regarding the facts surrounding the prior conviction. Petitioner's conclusory allegations, however, fail to show how the evidence was false or to indicate what additional evidence counsel would have discovered through a more thorough investigation. Accordingly, Petitioner has failed to show that he is entitled to relief.

Petitioner also appears to contend that his terroristic threats conviction is not a felony because he was sentenced to three years of probation rather than over a year of imprisonment. As defined for purposes of the enhancement, a prior conviction is a felony if it is *punishable* by a term exceeding one year imprisonment. U.S.S.G. § 2L1.2 cmt. 2. Georgia's terrorist threats statute provides that a person convicted of a terroristic threat shall be punished "by imprisonment for not less than one nor more than five years…." O.C.G.A. § 16-11-37. As such, Petitioner's previous conviction for terroristic threats constitutes a felony under the sentencing enhancement. Accordingly, Petitioner's argument that the sentencing enhancement does not apply based on his probated sentence is without merit.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 17th day of October, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge