IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ARMONDO VICTORIO RODRIGUEZ, | : | |
| | : | |
| Petitioner, | : | |
| | : | No. 3:11-CR-00025 (CAR) |
| v. | : | No. 3:11-CV-90127 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | 28 U.S.C. § 2255 |
| | : | |
| Respondent. | : | |
| _____ | : | |

### ORDER ON THE RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 46] to deny Petitioner Armondo Victorio Rodriguez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 37]. Therein, the Magistrate Judge concludes that Petitioner has failed to demonstrate that his counsel's performance was unreasonable and that Petitioner was prejudiced as a result of his counsel's performance. Petitioner, proceeding *pro se*, has filed an Objection to the Recommendation [Doc. 47]. Accordingly, the Court has made a *de novo* determination of the portions of the Recommendation to which Petitioner objects and finds his Objection to be without merit. Thus, the Magistrate Judge's Recommendation [Doc. 46] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**, and Petitioner's Section 2255 Motion [Doc. 37] is hereby **DENIED**. The Court addresses each of

Petitioner's objections below.

## DISCUSSION

### I.  Use of the Minnesota Terroristic Threats Statute

First, Petitioner takes issue with defense counsel's use of a Minnesota statute in counsel's argument against the sixteen-level enhancement based on Petitioner's prior terroristic threats conviction.  At sentencing, counsel represented that he could not locate any relevant law on the controlling Georgia terroristic threats statute.[1]  Accordingly, counsel argued against enhancement using a comparable Minnesota statute as persuasive authority.  The Eighth Circuit's interpretation of the Minnesota statute was favorable to Petitioner's defense,[2] so it was reasonable for counsel to make an analogous argument against the enhancement.

### II.  Notice of Deportation Upon Entry of Guilty Plea

Next, Petitioner cites *Padilla v. Kentucky*,[3] in which the Supreme Court held that counsel's performance was deficient because he failed to advise the defendant that a guilty plea subjected him to deportation.[4]  Although Petitioner cites *Padilla*, it does not appear that Petitioner intends to make a similar argument since his fast-track claim specifically requests expedited deportation.  Moreover, the record in this case clearly

---

[1] [Doc. 43 at 3].
[2] *See United States v. Sanchez-Martinez*, 633, F.3d 658, 660 (8th Cir. 2011).
[3] 130 S.Ct. 1473 (2010).
[4] *Id.* at 1483.

2

indicates that Petitioner was informed at his change of plea hearing that he would be "turned over to the custody of Immigration and Customs Enforcement for the purpose of deportation" upon completion of his sentence.[5]  As such, Petitioner was not prejudiced by counsel's performance.

### III.  Fast-Track Programs

As in his Section 2255 Motion, Petitioner again contends that defense counsel was ineffective for failing to argue for a downward departure based on the district's lack of a fast-track program.  As thoroughly explained by the Magistrate Judge, Petitioner's constitutional rights were not violated by this district's lack of a fast-track program at the time of Petitioner's sentencing.  To echo the Magistrate Judge, the United States Deputy Attorney General's memorandum regarding implementation of fast-track programs does not entitle Petitioner to relief.  Because the memorandum did not create any substantive or procedural rights, it does not create new law that could retroactively apply to Petitioner.[6]  Moreover, because prosecutors maintain broad discretion in determining whether a defendant is eligible for the fast-track program, it is unclear that Petitioner would have been selected to participate.  Accordingly, counsel was not ineffective for failing to argue for a downward departure based on the district's lack of a fast-track program.

---

[5] [Doc. 42 at 8].
[6] *See United States v. Granados-Ruiz*, No. 8:99-cr-00322-SCB-MSS, 2012 WL 2464871, at *2-3 (M.D. Fla. June 27, 2012).

IV.     **The Eleventh Circuit's Decision in** *United States v. Guzman-Bera*

Finally, Petitioner states that the Magistrate Judge's analysis of the sixteen-level sentencing enhancement is contrary to the Eleventh Circuit's decision in *United States v. Guzman-Bera*.[7] Because *Guzman-Bera* addressed a different enhancement provision under an earlier version of the Federal Sentencing Guidelines ("Guidelines"), Petitioner's case is distinguishable, and he is not entitled to relief.

In *Guzman-Bera*, the Eleventh Circuit held that a defendant was wrongfully sentenced with a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on an erroneous finding that the defendant's prior grand theft conviction constituted an aggravated felony under the Guidelines. This decision was based on the court's construction of 8 U.S.C. § 1101(43)(F), which defines an "aggravated felony" as "a theft offense … for which the term of imprisonment [sic] at least one year." Acknowledging the statute's ambiguity, the court supplied a missing, "crucial verb" to require an <u>actual</u> sentence of at least one year incarceration, rather than an <u>authorized</u> sentence of at least one year incarceration.[8] Consequently, the Eleventh Circuit determined that the defendant's grand theft conviction did not qualify as an "aggravated felony" for enhancement purposes because the defendant was not actually imprisoned for over a year for his grand theft conviction.

---

[7] 216 F.3d 1019 (11th Cir. 2000).
[8] *Id.* at 1020.

4

The sentence in this case was not based on the aggravated felony enhancement, but rather on the crime of violence enhancement. Although Petitioner's sentence was enhanced pursuant to U.S.S.G. § 2L1.2(b)(1)(A), Petitioner's enhancement is distinct because the Guidelines were amended in 2001, after the *Guzman-Bera* decision.[9] In the 2000 version of the Guidelines applied in *Guzman-Bera*, section 2L1.2(b)(1)(A) provided a sixteen-level enhancement for an aggravated felony conviction. The amended Guidelines, however, provide only an eight-level enhancement for aggravated felony convictions pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Under the amended Guidelines, U.S.S.G. § 2L1.2(b)(1)(A) now provides a sixteen-level enhancement based on a prior conviction for a felony that is a crime of violence.

The Guidelines commentary defines a "crime of violence" as a felony offense "that has as an element the use, or attempted use, or threatened use of physical force against the person of another."[10] This definition is consistent with the statutory definition of "crime of violence" at 18 U.S.C. § 16. The commentary further defines a "felony" as an offense "<u>punishable</u> by imprisonment for a term exceeding one year."[11] Consequently, this revision substantially alters the language discussed in *Guzman-Bera*, leaving no question as to whether the enhancement should be applied based on actual or potential imprisonment. As such, Petitioner's terroristic threats conviction qualifies

---

[9] *See* Historical Note to U.S.S.G. § 2L1.2.
[10] U.S.S.G. § 2L1.2 cmt. 1(B)(iii).
[11] *Id.* at cmt. 2.

for the enhancement despite the fact that he received a probated sentence.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Recommendation [Doc. 46] is **ADOPTED** and **MADE THE ORDER OF THE COURT**, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 Motion [Doc. 37] is **DENIED**.  Because it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

**SO ORDERED,** this 29th day of January, 2013.

>S/  C. Ashley Royal
>C. ASHLEY ROYAL, CHIEF JUDGE
>UNITED STATES DISTRICT COURT

BBP